■ CHERYL G. FELDMAN et al., Infants, by Their Guardian ad Litem, HAROLD FELDMAN, et al., Respondents, and HAROLD FELDMAN, Appellant, v. WILLIAM J. CAIN, Appellant-Respondent.— Appeal by defendant from so much of an order of the Supreme Court, Nassau County, dated March 18, 1966, as granted the motion of plaintiffs Cheryl G., Jay E. and Florence Feldman to set aside a jury verdict in favor of defendant and granted them a new trial; and appeal by plaintiff Harold Feldman from so much of the same order as denied his motion to set aside the verdict for defendant. Order modified by (1) striking out the decretal provisions granting the motion of plaintiffs Cheryl G., Jay E. and Florence Feldman to set aside the jury verdict and directing a new trial as to them and (2) adding a provision that their motion is denied; and verdict as to them reinstated. As so modified, order affirmed insofar as appealed from, without costs. Plaintiff Harold Feldman was driving an automobile in which the other plaintiffs, his wife Florence and their children, Cheryl and Jay, were passengers, when it collided at an intersection with another vehicle driven by defendant. Each driver testified that the traffic light was green in his favor as he approached the intersection and that he had observed the other vehicle when he was about half a block away from the intersection. The Trial Justice correctly charged that, even though the light at an intersection may be green in a driver's favor when he observes another vehicle approaching the intersection from another direction prior to entering the intersection, it is a question of fact for the jury as to whether the driver has exercised reasonable care under the circumstances (*Shea* v. *Judson*, 283 N. Y. 393, 398; *Healy* v. *Rennert*, 9 N Y 2d 202, 210; *Foley* v. *State of New York*, 265 App. Div. 682, 685). The jury returned a verdict for defendant as to all plaintiffs and the learned Trial Justice set it aside only insofar as it was against the passengers in the Feldman vehicle. In our opinion, it was error for the Trial Justice to set aside the jury verdict, because the jury had sharply drawn issues of fact and credibility which, when resolved, could well have supported a finding of negligence only as to Harold Feldman. Under such circumstances, it may not be said that the evidence preponderates so greatly in favor of the Feldman passengers that the jury could not have reached its conclusion on any fair interpretation of the evidence (see *Olsen* v. *Chase Manhattan Bank*, 10 A D 2d 539, affd. 9 N Y 2d 829). Beldock, P. J., Christ, Rabin, Benjamin and Martuscello, JJ., concur.

■ In the Matter of COMIR REALTY CO., INC., Appellant, v. FREDERIC S. BERMAN, as City Rent and Rehabilitation Administrator, Respondent. (And Another Similar Proceeding.) — Two judgments of the Supreme Court, Kings County, both dated October 21, 1966, each dismissing a respective one of the two proceedings, reversed, on the law, without costs, and both proceedings remitted to the respondent City Rent and Rehabilitation Administrator for the purpose of making a determination not inconsistent with the views expressed herein. No questions of fact were considered. In our opinion the record fails to disclose a rational basis for the determination by respondent that the boxed-in risers installed herein were " exposed " risers for Rent Commission purposes, thus limiting the increase in maximum monthly rental allowable therefor to $1 a month. Beldock, P. J., Christ, Hopkins, Benjamin and Munder, JJ., concur.