■ WAYNE H. FITZGERALD, Respondent, v KIM H. DINWIDDIE et al., Appellants. — Appeal (1) from an order of the Supreme Court, entered December 15, 1982 in Schenectady County, which set aside a verdict in favor of plaintiff for personal injuries, rendered at Trial Term (Amyot, J.), and granted a new trial solely on the issue of damages, and (2) from the judgment entered thereon. This negligence action arose out of a motor vehicle accident which occurred on June 20, 1979 in which a motorcycle operated by plaintiff collided with a tractor trailer truck operated by defendant Kim Dinwiddie. Plaintiff was proceeding in an easterly direction and had just passed other vehicles when the accident occurred. It is uncontroverted that plaintiff crossed the center line of the two-lane highway in the course of passing. After plaintiff had passed the vehicles in front of him, the left handlebar of his motorcycle struck the left front fender of the truck causing plaintiff and his motorcycle to skid across the highway and resulting in the injuries for which plaintiff sues. The jury returned a verdict in plaintiff's favor in the amount of $141,500 for personal injury and $786 for property damage and apportioned negligence of plaintiff and defendants at 50% each. Plaintiff moved to modify the verdict by increasing the damage award for personal injury or to order a new trial on damages. Trial Term severed the property damage action and ordered judgment to be entered in the amount of defendants' attributed share of the property damage award. Trial Term also ordered judgment to be entered on the liability portion of the personal injury action and ordered a new trial on the issue of damages. Defendants have appealed from the order and the judgment, alleging as error the jury's apportionment of negligence and Trial Term's determination that the verdict for personal injuries was inadequate. Defendants initially argue

that no reasonable view of the evidence could support a finding that Dinwiddie was negligent. In support, defendants point to testimony of the truck driver and a disinterested eyewitness that the truck was being operated to the right side of the westbound lane when the accident occurred. However, testimony presented by plaintiff, including that of a disinterested eyewitness, indicated that the truck was being operated toward the center of the highway with its tires very close to or touching the center line. Additionally, while plaintiff offered testimony that he had re-entered the eastbound lane prior to the collision, the truck driver testified that plaintiff was still in the westbound lane at the time of the accident. With this conflicting evidence, it was well within the province of the jury to determine the relative position of the vehicles at the time of the accident (see *Le Bel v Airlines Limousine Serv.*, 92 AD2d 996). Moreover, plaintiff offered testimony that the driver of the truck saw plaintiff's motorcycle in the westbound lane passing other vehicles yet failed to apply his brakes or signal with his lights or horn. We conclude that the record contains evidence from which the jury could conclude that defendants were negligent. We further find the jury's attribution of 50% of the culpable conduct to defendants to be supported by the record. While the determination of damages in a personal injury action is essentially a question of fact for the jury, the court may exercise its discretion and set aside the verdict where the amount awarded is unconscionable (*James v Shanley*, 73 AD2d 752). The uncontradicted evidence indicates that plaintiff's medical bills and lost earnings up to the time of trial amounted to approximately $20,000 and $16,000, respectively. Plaintiff's injuries included amputation of the left leg below the knee and repair of a displaced fracture in his upper left leg by use of a metal plate and 14 screws. The injuries have not healed as rapidly as anticipated and plaintiff will require future medical attention including replacement of his prosthesis on a regular basis. Plaintiff's injuries are severe and permanent and will have a detrimental effect on his livelihood since his job requires a great deal of standing. In addition, the testimony indicates that plaintiff suffered, and will continue to suffer, much pain as a result of his injuries. In light of these factors, we agree with Trial Term that the verdict for personal injuries sustained by plaintiff was unconscionably inadequate. Order and judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.