■ ROBERT S. STEENROD, Respondent, v PETER J. DOUBRAVA, Respondent, and PONTIAC DIVISION OF GENERAL MOTORS CORPORATION et al., Appellants.—Kane, J. Appeal from an amended judgment of the Supreme Court in favor of plaintiff against defendants Pontiac Division of General Motors Corporation and Kelsey-Hayes Company, entered March 7, 1985 in Otsego County, upon a verdict rendered at Trial Term (Harlem, J.).

Plaintiff was injured on April 5, 1981 when he was struck by a wheel which had become detached from a motor vehicle owned and operated by defendant Peter J. Doubrava. The vehicle was a 1976 Pontiac Sunbird which was manufactured by defendant Pontiac Division of General Motors Corporation.

Defendant Kelsey-Hayes Company manufactured the subject wheel. After a lengthy trial, the jury returned a verdict in favor of plaintiff against the corporate defendants, indicating by its answers to written questions that the design of the wheel was defective. The jury found no liability on the part of defendant Doubrava. Also, it concluded that the corporate defendants were each 50% liable for plaintiff's injuries. This appeal by the corporate defendants ensued.

We have conducted a careful review of the record and conclude that the decision of the jury with regard to no liability on the part of defendant Doubrava was not contrary to the weight of the evidence (see, Brenner v Stivelman, 109 AD2d 812).

Next, the corporate defendants contend that plaintiff failed to make out a prima facie case of design defect and, accordingly, the case was improperly submitted to the jury. This contention must be rejected. Plaintiff presented evidence through his expert witness that the "rally wheel" which detached from the car was composed of softer metal than that used in the "standard" wheel employed in the automobile industry, and was also softer than the metal used in the wheel lug nuts. Given that the harder steel which was used in the standard wheel was prevalent throughout the industry, a safer design was feasible. Plaintiff also presented evidence that the cause, or at least a substantial cause, of the accident was the use of this softer metal. Accordingly, viewing plaintiff's evidence in a light most favorable to him, as we must (Martin v City of Albany, 42 NY2d 13, 18), the conclusion is inescapable that plaintiff presented a prima facie case of design defect (see, Voss v Black & Decker Mfg. Co., 59 NY2d 102; McDermott v City of New York, 50 NY2d 211, 220-221).

We next turn to the corporate defendants' argument that the charge to the jury as to their proportionate liability was improper and thus necessitates a new trial. In this regard, the relevant jury charge reads:

"As far as General Motors and Kelsey-Hayes are concerned, if you find one responsible then you're going to find the other responsible, because they participated in the design, if you so find that they both participated in the design. I want to tell you under the evidence as it's presented it would appear that they both participated in the design of this wheel.

"If you find that one of them is responsible, you're going to find that both of them are responsible and you would find that both of them are responsible to the same degree.

"In other words, you can't find General Motors responsible and not Kelsey-Hayes, any more than you can find Kelsey-Hayes responsible and not General Motors. If you find one, you'll find both."

While ordinarily it is for the jury to apportion fault *(Opera v Hyva, Inc.,* 86 AD2d 373, 379), we conclude that the trial court's charge was not erroneous herein due to the unusual factual background of this case *(cf. Dufur v Lavin,* 101 AD2d 319, 327, *affd* 65 NY2d 830). The undisputed evidence produced at trial indicated that the corporate defendants shared equally in the design of the subject wheel. Additionally, there was no evidence introduced which indicated that their roles were anything but equal. As the trial court aptly observed, as far as the proof was concerned, there was nothing introduced which would allow the jury to distinguish one entity from the other with respect to the design of the wheel. This being the case, and since the corporate defendants undisputedly acted in concert, it was not error for the court upon this record to instruct the jury as it did.*

We have reviewed the corporate defendants' remaining contentions and find them to be without merit.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

---

* Even if the charge were found to be erroneous in this case, a new trial would only be concerned with the issue of the relative responsibility of the corporate defendants *(see,* 23 NY Jur 2d, Contribution, Indemnity, and Subrogation, § 117, at 195). Nothing has been presented to indicate that the charge as given tainted any other findings of the jury, necessitating a trial de novo.