■ THERESA STISO, an Infant, by Her Father, ROBERT STISO, Appellant-Respondent, v MARY PICCARELLO, Respondent, and PATRICIA STISO, Respondent-Appellant.—In a negligence action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Rockland County (Wood, J.), dated December 7, 1984, as, after a jury trial, is in her favor in only the principal amount of $10,000, and (2) the defendant Patricia Stiso cross-appeals from so much of the same judgment as is against her upon a verdict apportioning fault in the happening of the accident at 80% on her part and 20% on the part of the codefendant Mary Piccarello.

Judgment reversed, on the facts and as a matter of discretion, with one bill of costs to the plaintiff payable by the defendants, by granting the plaintiff a new trial on the issue of damages unless both of the defendants shall serve and file in the office of the Clerk of the Supreme Court, Rockland County, a written stipulation consenting to increase the award of damages from the principal sum of $10,000 to the principal sum of $75,000, and to the entry of an amended judgment in

the plaintiff's favor against them accordingly. In the event the defendants so stipulate, then judgment, as so increased and amended, affirmed insofar as appealed from, with one bill of costs payable to the plaintiff by the defendants. The defendants' time to serve and file the stipulation is extended until 30 days after service upon them of a copy of the order to be made hereon, with notice of entry. The jury's findings of fact that Theresa Stiso did not contribute to the happening of the accident, and that the defendants were each at fault to some degree, are affirmed. The cross claims of the defendants for indemnification and/or contribution are severed and are remitted to the Supreme Court, Rockland County, for a new trial on the issue of the degree of fault of each of the defendants which contributed to the happening of the accident.

Theresa Stiso, who was riding in the back seat of a 1979 Datsun driven by her sister, the defendant Patricia Stiso, sustained a fracture of the right femur as a result of a two-vehicle automobile accident which occurred on May 13, 1981, at the intersection of Grandview Avenue and Prospect Street in Nanuet, New York. The other automobile, a 1979 Pontiac Sunbird, was driven by the codefendant Mary Piccarello. At the time of the accident, Theresa Stiso was six years old. She did not testify at the trial but portions of her examination before trial were referred to during the examination of her mother, Maureen Stiso.

The defendant Patricia Stiso testified that she was proceeding at about 20 miles per hour westbound on Prospect Street towards the intersection with Grandview Avenue which was controlled by a flashing yellow traffic light. Both roadways have two lanes for two-way traffic with speed limits of 30 miles per hour. Prospect Street runs uphill until about three car lengths before the intersection, where it levels off. Patricia Stiso stated that when she was about two car lengths away from the intersection she looked to her right, beyond the stop sign, into Grandview Avenue. According to Patricia, nothing was blocking her visibility and she did not see any cars either stopped at the stop sign or moving. As she proceeded through the intersection, her automobile was struck broadside on the passenger side by the codefendant Piccarello's vehicle. Upon impact, the front seat of the Stiso vehicle snapped back as far as it could go, trapping the infant plaintiff's foot and resulting in a complete break of her right femur running through the middle to upper portion of her right thigh.

The codefendant, Mary Piccarello, testified that she pro-

ceeded southbound on Grandview Avenue, a level road, toward the intersection with Prospect Street, which was controlled by not only a stop sign, but also by a flashing red traffic light. Although Piccarello stated that she stopped at the stop sign, she admitted that she did not observe the blinking red light, nor did she know that there was a blinking red light at the intersection. She further stated that she proceeded through the intersection only after she looked to her left and right and observed no vehicles. According to Piccarello, after she proceeded about one-quarter of the way into the intersection, at a speed of about 5 to 10 miles per hour, the Stiso vehicle suddenly appeared, and the left front of Piccarello's automobile struck the passenger side door of the Stiso vehicle. Both cars ended up facing west.

We find that no fair interpretation of the evidence in the record can support the jury's verdict apportioning 80% of the fault in the happening of the accident to the defendant Stiso and only 20% to the codefendant Piccarello, who conceded that she did not observe the flashing red light at the intersection. Although it is a question of fact for the jury to determine whether a driver has exercised reasonable care under the circumstances, in this case the jury's verdict with respect to the respective degree of contributory fault of the defendants is not supported by the evidence (cf. Pertofsky v Drucks, 16 AD2d 690; Feldman v Cain, 29 AD2d 965).

As to the issue of damages, Theresa Stiso was confined to the hospital for one month after the accident and immobilized in bed with her right leg in traction. From June 12, 1981, through September 4, 1981, she remained in a body cast. Scar tissue in the area of the fracture site left her with a large bump on her leg. Considering the totality of the injuries, and the long period of disability accompanied by pain and suffering, we find the jury's award in the principal sum of $10,000 to be wholly inadequate (see, e.g., Fitzgerald v Dinwiddie, 99 AD2d 622). We would consider any award of less than $75,000 to be inadequate as a matter of law. Niehoff, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.