■ EVERETT McINTOSH, Respondent, v IVAN MOSCRIP et al.,

Appellants.—Harvey, J. Appeal from that part of an order of the Supreme Court (Ingraham, J.), entered January 28, 1987 in Broome County, which partially denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff seeks damages for injuries he suffered in a fire which occurred in October 1982 while he was renting a second-floor apartment in a building purportedly owned by defendants. In his complaint, the sole theory alleged in support of his negligence claim was that defendants failed to provide two means of egress, purportedly in violation of Multiple Residence Law § 55. Defendants subsequently served plaintiff with a demand for a bill of particulars which included a request that plaintiff include a statement of the acts or omissions constituting negligence. In response to the demand, plaintiff claims that defendants:

"a. Failed to provide adequate means of egress * * *

"b. Failed to provide plaintiff a safe premises.

"c. Failed to provide a proper smoke detection system.

"d. Failed to provide adequate fire extinguishing apparatus."

Following discovery, defendants moved for summary judgment. Relying on Multiple Residence Law § 15, Supreme Court found that defendants had a duty to provide proper smoke detection equipment and that questions of fact existed as to whether defendants had breached this duty. The court further held that it was for the jury to determine whether defendants had acted negligently in locking a back door to plaintiff's apartment which led to parts of the building which were occupied by persons other than plaintiff. Summary judgment was granted as to the other theories asserted in plaintiff's bill of particulars in support of his allegation of negligence. Defendants appealed.

Supreme Court's reliance on Multiple Residence Law § 15 as imposing a duty on defendants to provide proper smoke detection equipment was misplaced. That statute requires owners of multiple dwellings to equip apartments with smoke detectors and it further provides that "the tenant shall keep and maintain any smoke detecting device installed pursuant to this section in good repair and replace any such device which becomes inoperable during his occupancy" (Multiple Residence Law § 15 [2] [a]; [5]). The statute, however, did not become effective until January 1, 1986 (L 1985, ch 683, § 4). The fire in question occurred in October 1982, well before the enactment of the statute. Hence, it was error for Supreme Court to base its denial of summary judgment upon this statute.

Plaintiff has asserted other grounds, which were not raised in the papers before Supreme Court, in support of his theory that defendants breached a duty to provide and maintain smoke detection equipment. Plaintiff invites this court to expansively interpret the warranty of habitability codified in Real Property Law § 235-b to include a duty to provide and maintain proper fire detection equipment. We decline the invitation. Neither the case law nor the legislative intent supports the novel extension urged by plaintiff (see, *Park W. Mgt. Corp. v Mitchell,* 47 NY2d 316, *cert denied* 444 US 992; *Curry v New York City Hous. Auth.,* 77 AD2d 534, 535-536).

Also raised for the first time on this appeal is plaintiff's contention that common-law principles support his theory that defendants had a duty to provide and maintain smoke detection equipment. In *Dufur v Lavin* (101 AD2d 319, 323, *affd* 65 NY2d 830), this court held that a landlord does not have a common-law duty to provide fire protection devices to his tenants. Similarly, in the absence of an agreement or statutorily imposed duty, there is no common-law duty to equip and maintain fire detection devices. Here, the parties have not alleged any agreement, either oral or written, establishing such a duty.

Plaintiff further contends for the first time on this appeal that defendants voluntarily assumed a duty to maintain the smoke detection device. It is well settled that, even when no duty exists, once a person voluntarily undertakes to act he must do so with due care (see, e.g., *Parvi v City of Kingston,* 41 NY2d 553, 559). In order for liability to attach to gratuitous conduct, there must be more than merely a showing of a failure to confer a benefit. The plaintiff must establish that he was adversely affected by the defendant's affirmative action (*supra; see,* Prosser and Keeton, Torts § 56, at 375 [5th ed]). This showing often entails establishing that he relied to his detriment upon the defendant's gratuitous conduct (see, *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 522-523; *Thompson v Ange,* 83 AD2d 193, 197).

Here, the papers submitted by plaintiff in opposition to the motion for summary judgment were insufficient to establish a factual question as to elements of the theory of negligence based upon the purported gratuitous conduct of defendants. As previously mentioned, plaintiff's complaint did not allege any facts relevant to this theory of negligence. The total allegations with respect to this theory in the bill of particulars is the conclusory statement that defendants "[f]ailed to provide a proper smoke detection system". In his affidavit in

opposition to the summary judgment motion, this theory is alluded to in only one sentence where plaintiff states that there was one smoke detector located in the back bedroom of the apartment and that he did not hear it go off on the night of the fire. While defendants included portions of the deposition upon oral questions of defendant Betty Moscrip indicating that she had changed the batteries in the smoke detector on one occasion, plaintiff denies that this took place. Thus, even assuming that the batteries were changed, plaintiff clearly did not rely on defendants' actions. Plaintiff has not alleged how the smoke detector caused or contributed to his injuries. He has not stated whether he ever checked the smoke detector to ascertain whether it was operational at any time during his tenancy. Viewing the evidence in the light most favorable to plaintiff, it is apparent that despite ample opportunities for discovery, he has failed to produce sufficient evidentiary proof in admissible form to produce a triable issue as to this theory of liability (see, Zuckerman v City of New York, 49 NY2d 557; Hasbrouck v City of Gloversville, 102 AD2d 905, affd 63 NY2d 916).

Next, we consider whether defendants' action in locking the door which led to other portions of the building raised a triable issue. Initially, we note that plaintiff has admitted that the statute relied upon by him in his complaint as imposing a duty to provide two means of egress, i.e., Multiple Residence Law § 55, does not apply to the facts at hand. Nor has plaintiff pointed to a statutory duty applicable at the time and place of the fire, or a common-law duty to provide more than one means of egress. Here, the door which plaintiff contends defendants were negligent in locking had been locked continuously since before plaintiff resided in the apartment. Further, the door did not provide an immediate means of exiting the building but, instead, led to portions of the building occupied by persons other than plaintiff. Supreme Court held that defendants did not obstruct the escape route chosen by plaintiff, and plaintiff has not appealed that determination. Further, plaintiff had access to windows that opened onto the roof of a first-floor porch which could have been used as a means of escape from the building. Accordingly, we conclude that the record fails to establish plaintiff's assertion that a triable issue exists as to whether the locking of a door which led to another part of the building constituted negligence.

Order modified, on the law, with costs to defendants, by reversing so much thereof as partially denied defendants' motion; motion granted in its entirety and complaint dis-

missed; and, as so modified, affirmed. Weiss, Harvey and Mercure, JJ., concur.

Mahoney, P. J., and Levine J., dissent in part and concur in part in a memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting in part and concurring in part). In our view, triable issues of fact exist regarding plaintiff's claim that defendants negligently failed to maintain a smoke detection system. Defendants, as landlords, owed plaintiff a duty of care, that duty being to maintain the premises in a reasonably safe condition under the circumstances (see, Basso v Miller, 40 NY2d 233, 241; Curry v New York City Hous. Auth., 77 AD2d 534, 536). The issue here is whether such duty was breached.

We agree with the majority that, at the time of the fire, no statute mandated that landlords such as defendants were required to install and maintain smoke detectors. Nor was such required at common law (see, Dufur v Lavin, 101 AD2d 319, 323, affd 65 NY2d 830). However, even where a course of conduct is not required, where an individual voluntarily assumes such, he must do so in a reasonable manner (see, Parvi v City of Kingston, 41 NY2d 553, 559). Here, the deposition indicates that defendants installed a smoke detector in plaintiff's apartment and, on at least one occasion, checked it and replaced the battery. Thus, triable issues of fact exist regarding the reasonableness of defendants' conduct such as the degree of control over the demised premises, the conduct and representations of defendants, and the degree of reliance by plaintiff. For this reason, summary judgment was inappropriate as to the claim based on negligent maintenance of the smoke detection system.