■ JUDITH AKIN et al., Respondents, v ESTATE OF ESTELLE PATTI, Appellant. (Appeal No. 1.)—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiff Judith Akin was involved in an automobile accident with defendant's decedent. The evidence at trial revealed that the trauma of the accident resulted in chondromalacia of her right knee. Her doctors testified that the condition was permanent and that she was restricted from performing tasks that required her to bend her knee. Thus, there was sufficient evidence for the trial court to submit her claim of serious physical injury to the jury *(see, Mulhauser v Wood,* 107 AD2d 1019; *see also,* Insurance Law § 5102 [d]). Because defendant failed to prove that any negligent conduct of plaintiff Judith Akin contributed to the accident, the trial court properly directed a verdict with respect to liability in favor of plaintiffs *(see, Dufur v Lavin,* 101 AD2d 319, 325-326, *affd* 65 NY2d 830; *see also,* CPLR 4401; *Thompson v City of New York,* 60 NY2d 948, 950, *rearg denied* 61 NY2d 905).

The Trial Judge improvidently exercised his discretion in setting aside the jury verdict of $25,500 and ordering a new trial on damages. Although the proof showed that she was able to maintain most of her daily activity, it also showed that plaintiff Judith Akin's injury was permanent and the use of her knee was limited. A verdict should not be overturned unless the award shocks the conscience *(see, Figliomeni v Board of Educ.,* 38 NY2d 178, *rearg denied* 39 NY2d 743; *Dufur v Lavin, supra,* at 327). Here, the jury could reasonably find that this award was adequate to compensate plaintiffs for their injury. Accordingly, we strike from the partial judgment

of Supreme Court the order for a new trial on damages, and direct that the jury's verdict be reinstated. (Appeal from judgment of Supreme Court, Chautauqua County, Cass, J.— partial summary judgment.) Present—Callahan, J. P., Denman, Green, Pine and Lawton, JJ.