■ JUDITH AKIN et al., Respondents, v ESTATE OF ESTELLE PATTI, Appellant. (Appeal No. 2.)—Order unanimously reversed on the law without costs, motion denied and verdict reinstated. Same memorandum as in *Akin v Estate of Patti* ([appeal No. 1] 149 AD2d 964). (Appeal from order of Supreme Court, Chautauqua County, Cass, J.—set aside verdict.) Present—Callahan, J. P., Denman, Green, Pine and Lawton, JJ.

■ FRANK WISNIEWSKI, Appellant, v MARY A. WISNIEWSKI et al., Respondents.—Order insofar as appealed from unanimously reversed on the law without costs and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: Special Term erred in *sua sponte* deeming plaintiff's 1985 action for divorce to be abandoned and dismissing the action in the absence of proof of service of a 90-day notice in conformity with the provisions of CPLR 3216 (b) (3) *(see, Ciminelli Constr. Co. v City of Buffalo,* 110 AD2d 1075, 1076, *appeal dismissed* 65 NY2d 1053). The court was apprised that the 1985 action had not been prosecuted because plaintiff's previous attorney had resigned from the practice of law. That did not give the court the power to dismiss the action for general delay *(see, Cohn v Borchard Affiliations,* 25 NY2d 237, 246). Furthermore, when an attorney resigns before judgment, no further proceedings shall be taken in the action against the party for whom he appeared without leave of the court and until proper notice has been given pursuant to CPLR 321 (c).

In the interest of judicial economy, defendant wife's 1987 divorce action commenced in Queens County should have been joined with plaintiff husband's 1985 action for trial in Erie County where the venue had been established and where collateral matters had been heard in Family Court. Defendant husband's subsequent action may either be consolidated or, upon motion *(see,* CPLR 3025 [b]), be treated as an amended complaint and all causes of action set down for prompt disposition in Supreme Court, Erie County. (Appeal from order of Supreme Court, Erie County, Mintz, J.—divorce and equitable distribution.) Present—Callahan, J. P., Denman, Green, Pine and Lawton, JJ.