■ MICHAEL SALVIA et al., Plaintiffs, v LONG ISLAND RAILROAD, Defendant and Third-Party Plaintiff-Respondent. WILLIAM ISTEL, Third-Party Defendant; STEPHEN MARCOTTE, Third-Party Defendant-Appellant. [616 NYS2d 93] —In an action to recover damages for personal injuries, etc., the third-party defendant Stephen Marcotte appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Kohn, J.), dated November 6, 1992, as denied his motion for summary judgment dismissing the third-party complaint insofar as it is asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion granted and the third-party complaint is dismissed insofar as it is asserted against the appellant, and the third-party action against the remaining third-party defendant is severed.

While drinking beer with the third-party defendants William Istel and Stephen Marcotte on the railroad tracks of the Long Island Railroad (hereinafter the LIRR), the plaintiff Michael Salvia was allegedly struck by a train. After stopping the train, the train crew checked Salvia's condition. Although he was laying on the ground face-down, there was no blood and he had no visible signs of injury. Istel and Marcotte then informed the train crew that Salvia had not been hit by the train, that he was all right, and that they would take him home. Without reporting the incident, the train crew then left.

Istel and Marcotte remained near the tracks drinking beer for a couple of hours, with Salvia lying to the side. Eventually, Marcotte placed Salvia in his pickup truck and took him to Marcotte's house. Later that morning, when Salvia did not

"look right", Marcotte called an ambulance. Salvia subsequently commenced the present action against the LIRR to recover for his injuries, and the LIRR, in turn, sued Istel and Marcotte. The LIRR and Marcotte moved for summary judgment dismissing the complaint and the third-party complaint, respectively. The court denied both motions, and Marcotte now appeals.

Since Marcotte neither provided first aid nor emergency care to Salvia at the scene of the accident, Public Health Law § 3000-a is not implicated.

While the Supreme Court properly determined that Marcotte voluntarily assumed a duty of care to Salvia by telling the train crew that he would take Salvia home *(see, Gordon v Muchnick,* 180 AD2d 715), we conclude that his motion for summary judgment should have been granted *(see, McIntosh v Moscrip,* 138 AD2d 781). Salvia seeks to recover for injuries allegedly sustained when he was hit by the LIRR train, and the LIRR failed to submit any evidence in opposition to Marcotte's motion that those injuries were in any way aggravated by Marcotte's failure to promptly seek medical attention for him. Thus, the LIRR has failed to raise a triable issue of fact as to whether Marcotte's actions caused or contributed to the plaintiff's injuries *(see, McIntosh v Moscrip, supra).* Bracken, J. P., Altman, Krausman and Goldstein, JJ., concur.