■ MYUNG SOOK CHUNG et al., Appellants, v WEN LEE MA et al., Respondents. (And a Third-Party Action.) [652 NYS2d 744] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Barasch, J.), dated November 11, 1995, which granted the motion of the defendants Wen Lee Ma and Zeu Lan Ma for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and denied their cross motion for leave to serve an amended bill of particulars.

Ordered that the order is affirmed, with costs.

The plaintiff Myung Sook Chung was injured when she fell from her apartment while trying to escape from a fire which had erupted several floors below. The defendants Wen Lee Ma and Zeu Lan Ma (hereinafter the Mas), the owners of the building, sought summary judgment dismissing the complaint and all cross claims insofar as asserted against them, essentially on the theory that their building was in compliance with all applicable statutes and ordinances. The Supreme Court granted the motion. We affirm.

In support of the motion for summary judgment, the Mas' experts asserted that the premises in question complied with the various statutes and rules cited by the plaintiffs in their original bill of particulars. In response, the plaintiffs did not directly contradict the Mas' experts, but instead cross moved to amend their bill of particulars to claim that the building violated different statutes and regulations, i.e., Multiple Dwelling Law § 234 (2); § 238 (2) (d), and to be permitted to assert these statutes as a basis for liability at the time of trial.

Multiple Dwelling Law § 234 (2) requires that the "stairs and public halls" of certain tenements "have fireproof doors". The term "fireproof" means "made of incombustible materials" (Multiple Dwelling Law § 4 [26]). This statute does not, as the plaintiffs suggest, require that every individual apartment door be impervious to the passage of smoke. Multiple Dwelling Law § 238 (2) (d) governs the fireproofing of stairs and entrance

halls. However, in this case, the "fire and incident report" prepared by the New York City Fire Department's Bureau of Fire Investigation indicates that the fire was confined to the floor, walls, ceiling, and contents of the store on the first floor.`

In light of these, and other deficiencies in the plaintiffs' submissions, the plaintiffs failed to establish a causal connection between Mrs. Chung's injuries, on the one hand, and a violation of either Multiple Dwelling Law § 234 (2) or § 238 (2) (d), on the other. The plaintiffs have similarly failed to demonstrate any issue of fact as to whether Mrs. Chung's injuries were caused by the breach of any other duty imposed on the Mas either by statute or common law (see, e.g., McIntosh v Moscrip, 138 AD2d 781). Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.