■ Carino Italian Style, S.R.L., et al., Appellants, v Steven Shammah et al., Respondents. [697 NYS2d 609] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered October 2, 1998, denying the motion to vacate the court's memorandum decision/order dated April 15, 1998, which had dismissed the complaint for neglect to prosecute, unanimously reversed, on the law, the facts, and in the exercise of discretion, with costs against each defendant, the motion granted, and the complaint reinstated.

There is no allegation by defendants-respondents, nor any finding by the trial court, that a written ninety day demand to file and serve a note of issue was served on plaintiffs-appellants as required by CPLR 3216 (b). In *Baczkowski v Collins Constr.*

*Co.* (89 NY2d 499, 502-503), the Court of Appeals underscored the limits upon a court's ability to dismiss an action for failure to prosecute: "CPLR 3216 is the general statutory authority for neglect-to-prosecute dismissals. The provision has a checkered history, which this Court has recounted on prior occasions (*see, e.g., Chase v Scavuzzo*, 87 NY2d 228, 231-233; *Cohn v Borchard Affiliations*, 25 NY2d 237, 244-246; *see also*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3216:1-C3216:4, at 628-635). As a result of a 1967 amendment to CPLR 3216, courts are prohibited from dismissing an action for neglect to prosecute unless the statutory preconditions to dismissal are met (*see*, CPLR 3216 [b]; *Cohn v Borchard Affiliations, supra*, 25 NY2d, at 246)." (*See also, Matter of Holtzman v Goldman*, 71 NY2d 564, 573; *Wisniewski v Wisniewski*, 149 AD2d 965; *Banca Di Roma v Tripodi Eyewear Intl.*, 219 AD2d 536; *Ameropan Realty Corp. v Rangeley Lakes Corp.*, 222 AD2d 631.)

This Court substitutes its own discretion in place of the Supreme Court's to reinstate the complaint of the plaintiffs-appellants. Concur—Ellerin, P. J., Wallach, Lerner, Rubin and Buckley, JJ.