OPINION OF THE COURT
Per Curiam.
Order entered February 17, 1998 reversed, with $10 costs, cross motions denied, and the complaint reinstated as against all defendants except defendant Douglas Elliman-Gibbons and Ives.
Appeal from order denying reargument entered September 11, 1998 dismissed, without costs, as nonappealable.
The record conclusively shows, and it is undisputed, that none of the defendants herein, save for defendant and third-party plaintiff Douglas Elliman-Gibbons and Ives (DEGI), served plaintiffs with a 90-day demand to file a notice of trial or moved to dismiss the complaint for alleged failure to prosecute prior to the issuance of the court’s February 21, 1997 order granting DEGI’s formal dismissal motion. In these circumstances, the court was without power to dismiss the complaint as against the nonmoving defendants (see, CPLR 3216 [b]; Chase v Scavuzzo, 87 NY2d 228, 231-233; Carino Italian Style v Shammah, 266 AD2d 1). Nor did the 90-day demands served upon plaintiffs by several of the defendants after the February 21, 1997 order satisfy the statutory preconditions to dismissal. *714 “To sanction the use of the [subsequent] demands as the foundation for the [earlier] CPLR 3216 motion * * * would give [the court] power to dismiss for general delay, a power eliminated by the 1967 amendment to CPLR 3216 (L 1967, ch 770; see, Cohn v Borchard Affiliations, 25 NY2d 237, 246).” (Ciminelli Constr. Co. v City of Buffalo, 110 AD2d 1075, 1076, appeal dismissed 65 NY2d 1053.) We have considered and rejected the remaining arguments advanced by defendants-respondents.
McCooe, J. P., Davis and Gangel-Jacob, JJ., concur.