J. Seward Bodine, J.
This claim for personal injuries was filed January 18,1963 and has not been assigned or submitted to any other jurisdiction. The claim is based upon the alleged negligence of the State of New York.
In November of 1963 the Department of Public Works loaned the Village of Catskill a sand-loading machine or conveyer. The loan was requested by officials of the village and no compensation or rent was charged by the State or offered by the village.
Claimant, an employee of the village, had operated a similar machine while employed by the State a year or so previous to the time of the accident complained of in this claim.
The accident happened November 19, 1962. The claimant was operating the machine and testified that a Warren Christiano asked him to increase the speed of the machine. In attempting to do so claimant climbed up on the machine and increased the throttle setting. As claimant started to step down off the machine he fell or was caught by the moving parts of the machine. In any event, he landed on the ground. His leg was severely mangled by the drive chain and as a result had to be amputated at mid-thigh.
Claimant alleges that the machine was improperly maintained and as a result was unsafe for use and that the State either knew of this dangerous condition or reasonably should have known. It was claimed that the drive chain and related sprockets were worn and out of alignment and as such were dangerous.
Evidence was produced showing that the chain and sprockets were worn, but the State produced records showing that the machine had been serviced shortly prior to the accident and was in good working order and had always worked satisfactorily prior to the accident.
After the accident the motor appeared to have been out of alignment by about three quarters of an inch, but this could have been caused by the accident.
*45 There was no evidence produced which showed that the machine was dangerous or that it had been negligently maintained or that the State knew of any defects in the machine.
When the State loaned the conveyer to the Village of Catskill, the lending constituted a gratuitous bailment. Claimant relies on La Rocca v. Farrington (276 App. Div. 126, affd. 301 N. Y. 247). That case concerned a leased crane and was a bailment for hire and not a gratuitous bailment. The law concerning a gratuitous bailment differs and is stated in Knapp v. Gould Auto. Co. (252 App. Div. 430, 433). “ To * * * its gratuitous bailee, defendant [bailor] owed only the duty of giving warning or notice of those defects in the car [the bailed article], if any, of which it had knowledge and which in reasonable probability would imperil those using it.” This case holds, in effect, that the bailor is under a duty to give notice of defects of which it has actual notice. There is no duty to inspect the subject of the bailment for latent defects.
For the failure to prove negligence on the part of the State and the law as cited above, the claim must be dismissed.