■ RONALD DAOUST, Appellant, v EVELYN PALMENTERI, Respondent. (And a Third-Party Action.) — In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County (Jordan, J.), dated June 22, 1983, which was in favor of defendant, upon a jury verdict.

Judgment reversed, on the law and as a matter of discretion, and new trial granted, with costs to abide the event.

The theory on which this case was tried was bailment and involved the alleged liability of a bailor for defects in the bailed property causing injury to the bailee. The evidence adduced at

the trial indicates that defendant rented an apartment to plaintiff and another. In the apartment was a refrigerator belonging to defendant. When defendant informed them that the refrigerator did not come with the apartment, they offered to carry the refrigerator down the stairs for her. Defendant was allegedly informed then that the refrigerator had been defrosted and cleaned and accepted their offer. Circumstantial evidence was adduced which could give rise to a reasonable inference that during the move a large quantity of water escaped from the refrigerator causing plaintiff to slip and fall down the stairs. His companion testified that he was unable to hold onto the refrigerator without plaintiff's assistance and it fell down on top of plaintiff causing serious injury to him. Defendant contended that she had made other arrangements to move the refrigerator and plaintiff's offer was motivated solely by his desire to begin decorating his apartment.

This evidence gave rise to a question of fact as to the nature of the bailment and the correlative duty of defendant to discover and warn plaintiff of potential hazards inherent in the condition of the refrigerator. Where a bailment is gratuitously made for the sole benefit of the bailee, the bailor's sole duty is to warn of a defect or hazard of which she has actual knowledge (*Hood v State of New York,* 48 Misc 2d 43, *affd* 28 AD2d 1034). In all other situations, ordinary principles of negligence apply (*Snyder v Kramer,* 94 AD2d 860, *affd* 61 NY2d 961; 9 NY Jur 2d, Bailments and Chattel Leases, § 76). The charge given on this issue, however, was confusing, misleading and, at times, contradictory. Consequently, a new trial is required in the interest of justice (*see, e.g., Lopato v Kinney Rent-A-Car,* 73 AD2d 565; *Yandian v Merlis,* 34 AD2d 582). We have examined the other contentions of the parties and find them to be without merit. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.