■ THOMAS SOFIA et al., Respondents, v ANTHONY CARLUCCI, Appellant. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered July 22, 1985, which denied his motion for summary judgment dismissing the complaint.

Order reversed, on the law, without costs or disbursements, motion granted, and complaint dismissed.

The plaintiff Thomas Sofia was injured when he fell from a scaffold that his employer, the third-party defendant, had borrowed from the defendant. Although the record suggests that the absence of safety railings may have contributed to the happening of the accident, there is no evidence that the defendant was anything but a bailor of the scaffold in disassembled form.

A gratuitous bailor may be under a duty to warn of a defect or hazard of which it has actual knowledge *(see, Daoust v Palmenteri,* 109 AD2d 774; *Galbraith v Pike & Son,* 18 AD2d 39; 9 NY Jur 2d, Bailments and Chattel Leases, § 76, at 88-89). However, liability may not rest upon a theory that a supplier of a chattel owes a duty, extending to all foreseeable users, of reasonable care in furnishing safe chattels where the alleged defect is patent *(Sarnoff v Charles Schad, Inc.,* 22 NY2d 180, 186). Since the absence of safety railings cannot be considered either a latent defect or a hidden danger *(see, Inman v Binghamton Hous. Auth.,* 3 NY2d 137), the defendant must be granted summary judgment. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.