■ HILDEGARD RUGGIERO et al., Respondents-Appellants, v MAX BRAUN & SONS, INC., et al., Appellants-Respondents. (And a Third-Party Action.) (Action No. 1.) HILDEGARD RUGGIERO et al., Respondents-Appellants, v MAX BRAUN & SONS, INC., et al., Appellants-Respondents, et al., Defendant. (And Third-Party Actions.) (Action No. 2.)—In consolidated actions to recover damages for personal injuries, etc., (1) Max Braun & Sons, Inc., and Norman Braun (hereinafter referred to collectively as Braun) appeal from (a) so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered September 2, 1986, as denied that branch of their motion for summary judgment which was for dismissal of the plaintiffs' negligence cause of action, (b) so much of a decision of the same court, entered November 10, 1986, as determined the rights of the parties under General Obligations Law § 15-108, and (c) a judgment of the same court, entered November 24, 1986, which, upon a finding that they were 70% at fault in the happening of the accident and a finding that the plaintiff Hildegard Ruggiero was not at fault in the happening of the accident, is in favor of the plaintiffs and against them in the principal sum of $248,579.51, and (2) the plaintiffs cross-appeal from so much of the order entered September 2, 1986, as granted those branches of Braun's motion which were for summary judgment on the strict tort liability and breach of warranty causes of action.

Ordered that the appeal and cross appeal from the order entered September 2, 1986, are dismissed *(see, Matter of Aho,* 39 NY2d 241, 248); and it is further,

Ordered that the appeal from the decision entered November 10, 1986, is dismissed, as no appeal lies from a decision; and it is further,

Ordered that the judgment is reversed, on the law, and the complaint is dismissed; and it is further,

Ordered that Braun is awarded one bill of costs.

The appeals and cross appeal from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the actions *(see, Matter of Aho,* 39 NY2d 241, 248, *supra).* The issues raised by both parties on the appeals from the order and the decision and on the cross appeal from the order are brought up for review on the appeal from the judgment (CPLR 5501 [a] [1], [3]).

The plaintiff Hildegard Ruggiero, an employee of Meatland, U.S.A. (hereinafter Meatland) was seriously injured when her sleeve and then her hand were caught in a meat grinding machine. On the morning of the accident Meatland's owner, Mendy Meeirovici, either bought or borrowed the grinding machine from Braun, a wholesale meat distributor with whom Meeirovici did business. Meatland's grinding machine had been sent out for repairs and Meeirovici asked his friend, who was an employee of Braun, if he knew where he could get a grinder to use temporarily. Braun's employee suggested that Meeirovici use the old grinder he had in storage, which was in a disassembled condition. When Meeirovici picked it up, the grinder did not have a safety guard.

The plaintiffs commenced this action, *inter alia,* against Braun under theories of breach of warranty, strict tort liability and negligence. On Braun's motion Braun was granted summary judgment on the breach of warranty and strict tort liability causes of action, but a trial was held on the negligence cause of action. At trial the sole basis for the plaintiffs' cause of action was that Braun was negligent in failing to warn of the absence of the safety guard. The jury found Braun 70% liable for Hildegard Ruggiero's injuries, and found that Hildegard Ruggiero was free of comparative negligence. Braun has appealed.

Resolution of the issue of whether the transaction between Braun and Meatland was a sale or a loan is not necessary in order to determine the duty owed by Braun, for both the casual or occasional seller and the gratuitous bailor owe, at most, the duty to warn the person to whom the product is supplied of known defects that are not obvious or readily discernible *(see, Sukljian v Ross & Son Co.,* 69 NY2d 89; *Sofia v Carlucci,* 122 AD2d 263; *Snyder v Kramer,* 94 AD2d 860, *affd* 61 NY2d 961). Furthermore, although the duty to exercise reasonable care to make the chattel safe for its intended use has been imposed upon a bailor where the bailment involved is for the parties' mutual benefit *(see, Dufur v Lavin,* 101 AD2d 319, *affd* 65 NY2d 830; *Snyder v Kramer, supra),* the evidence adduced was clearly insufficient to support the conclusion that if, in fact, the transaction involved was a bailment, it was for the mutual benefit of Braun and Meatland. Since the defect, the absence of the safety guard, and the danger arising therefrom were patent *(see, Sukljian v Ross & Son Co., supra; Sofia v Carlucci, supra; Copp v Corning Glass Works,* 114 AD2d 144), the plaintiffs failed, as a matter of law,

to establish that Braun breached its duty. Thus, Braun is entitled to judgment on the negligence cause of action.

We agree with the Supreme Court, for the reasons stated by Justice Coppola in his memorandum decision, that Braun was entitled to summary judgment dismissing the strict tort liability and breach of warranty causes of action.

In light of the foregoing we need not reach the remaining issues raised by the parties. Bracken, J. P., Brown, Lawrence and Spatt, JJ., concur.