JOSEPH T. FILI et al., Appellants-Respondents, v MATSON MO-
TORS, INC., et al., Respondents-Appellants, and GENERAL
MOTORS CORPORATION, Respondent.

Fourth Department, November 18, 1992

326

### APPEARANCES OF COUNSEL

*Sam C. Bonney,* Waterloo, for appellants-respondents.

*Smith, Murphy & Schoepperle,* Buffalo *(Dennis P. Mescall* of counsel), for Matson Motors, Inc., respondent-appellant.

*Harter, Secrest & Emery,* Rochester *(John C. Herbert* and *Richard E. Alexander* of counsel), for General Motors Corporation, respondent-appellant.

*Smith & Reddy,* Rochester *(Michael Reddy* of counsel), for Mark A. Johnson, respondent-appellant.

### OPINION OF THE COURT

BALIO, J.

Plaintiff Joseph T. Fili delivered his Chevrolet pickup truck to defendant Matson Motors, Inc. for repair of the vehicle's clutch. While driving his truck after completion of the servicing, Fili noticed that the clutch was not working properly, and he returned the truck to Matson Motors for further repair. Fili told a Matson salesperson that he could not be without a vehicle, and the salesperson loaned him a 1986 Oldsmobile Delta 88. Matson Motors had acquired ownership of the Oldsmobile in 1989 on a trade-in, and the vehicle previously had been loaned to other service customers. On April 26, 1990, defendant Mark A. Johnson spent the afternoon helping Fili with some landscaping work at the Fili residence. Johnson and his wife invited Fili and his wife to the Johnson home for pizza. Fili suggested that Johnson drive the loaner car. While waiting for his wife to join them, Fili, while sitting on the hood of the car, motioned for Johnson to move the car forward. According to Johnson, who had been sitting in the passenger seat with his feet resting on the open window of the open passenger side door, he reached to his left and pulled the gear shift but did not depress the accelerator. The car engine

roared and the vehicle suddenly sped forward, striking a railroad tie and the porch of the Fili residence and seriously injuring Fili.

Fili and his wife commenced this action against Johnson, Matson Motors and General Motors Corporation. The complaint alleges that Johnson was negligent in the operation of the loaner vehicle and that Matson Motors and General Motors breached the implied warranty of fitness. The complaint also sets forth a negligence cause of action against Matson Motors and General Motors, alleging that Matson is vicariously liable for Johnson's conduct pursuant to Vehicle and Traffic Law § 388 and that Matson Motors was acting as the agent of General Motors.

Following joinder of issue, all three defendants moved for partial or complete summary judgment. Supreme Court determined that plaintiffs failed to raise triable issues of fact on their contentions that there was a defect in the loaner vehicle and that Matson Motors was an apparent agent of General Motors; and that, as a matter of law, the loan of the vehicle to Fili constituted a gratuitous bailment. The court concluded that factual issues existed whether Johnson was negligent and whether Johnson operated the vehicle with the implied permission of Matson Motors. As a result, Supreme Court granted summary judgment in favor of General Motors, dismissing the complaint and all cross claims against that defendant. The court also granted partial summary judgment in favor of Matson Motors, dismissing the breach of implied warranty cause of action, but denied Matson's motion for summary judgment dismissing the imputed negligence cause of action. Lastly, the court denied the motion by Johnson and plaintiffs to dismiss affirmative defenses asserted by Matson and General Motors based upon CPLR 1601. Plaintiffs appeal, and Johnson and Matson Motors cross-appeal, from that order.

I

■ Supreme Court erred in deciding that, as a matter of law, there was no mechanical defect in the loaner vehicle. In support of its motion for summary judgment, General Motors submitted the affidavit of one of its senior staff engineers who inspected the vehicle and performed a road test. The engineer opined that there was no defect or malfunction in the vehicle that could have caused or contributed to a sudden or unintended acceleration as described by Johnson and Fili.

Plaintiffs' failure to controvert the opinion of that expert by the submission of their own expert's analysis was not fatal. The existence of a defect may be established circumstantially, i.e., by evidence from which the jury could infer that the car did not perform as intended *(see, Halloran v Virginia Chems.,* 41 NY2d 386, 388; *Winckel v Atlantic Rental & Sales,* 159 AD2d 124, 126-127). On a summary judgment motion, this Court is obliged to accept as true the factual portrayal of the manner in which the accident occurred submitted by the party resisting that motion *(see, Hourigan v McGarry,* 106 AD2d 845, *appeal dismissed* 65 NY2d 637; *Robinson v Strong Mem. Hosp.,* 98 AD2d 976). Thus viewed, Johnson's pretrial testimony that he did not depress the accelerator was sufficient to raise a triable issue of fact whether the accident was caused by a mechanical defect in the vehicle *(see, Landahl v Chrysler Corp.,* 144 AD2d 926). Moreover, the record also indicates that the prior owner of the subject vehicle had problems with the torque converter and with the transmission. Before the vehicle was loaned to Fili, Matson Motors replaced the torque converter and rebuilt the transmission. Because factual issues exist on the defect issue, the cross claims of Matson Motors for indemnification should be reinstated.

## II

■ Supreme Court also erred in concluding that, as a matter of law, the loan of the vehicle constituted a gratuitous bailment. A gratuitous bailment is, by definition, the transfer of possession or use of property without compensation *(see, United States v Frank,* 207 F Supp 216, 222; *see generally,* 9 NY Jur 2d, Bailments and Chattel Leases, § 6). A mutual benefit may exist, however, even though the parties did not contemplate compensation in the ordinary sense. The character or certainty of compensation is not the distinguishing feature; the critical factor is whether some profit or benefit was expected *(see, Dufur v Lavin,* 101 AD2d 319, 324, *affd* 65 NY2d 830; *see generally,* 9 NY Jur 2d, *op cit.).* Where the facts of a particular case suggest that some profit or benefit may have been anticipated, whether the bailment was gratuitous or for mutual benefit is a factual one to be determined at trial *(see, Daoust v Palmenteri,* 109 AD2d 774; *United States v Frank, supra).*

In this case, Matson Motors, a General Motors dealership,

agreed, as a participant in the "Mr. Goodwrench" service program, to make courtesy transportation available to service customers. Although the dealership had no written policy for loaning vehicles, it loaned vehicles "to provide good service and maintai[n] customer satisfaction" and to promote customer confidence in the dealership. Whether the loan of the subject vehicle pursuant to this policy was made with sufficient expectation of a commercial benefit is a question of fact to be resolved at trial *(see, Daoust v Palmenteri, supra).* Because a mutual benefit bailor impliedly warrants that the chattel is reasonably fit for its intended purpose *(Hoisting Engine Sales Co. v Hart,* 237 NY 30; *Winckel v Atlantic Rentals & Sales,* 159 AD2d 124, 128, *supra),* the breach of warranty cause of action asserted against Matson Motors should not have been dismissed.

### III

■ Supreme Court further erred in deciding that factual issues existed whether Johnson was a permissive user of the loaned vehicle. Under Vehicle and Traffic Law § 388, "proof of ownership of a motor vehicle creates a rebuttable presumption that the driver was using the vehicle with the owner's permission, express or implied" *(Leotta v Plessinger,* 8 NY2d 449, 461; *see also, Schrader v Carney,* 180 AD2d 200). The presumption continues until substantial evidence to the contrary is produced, thereby creating an issue of fact *(see, Aetna Cas. & Sur. Co. v Brice,* 72 AD2d 927, 928, *affd* 50 NY2d 958). The undisputed evidence is that the bailor did not impose any restriction upon the use of the subject vehicle. Under the circumstances, the bailee (plaintiff) could permit a third person to drive the vehicle *(see, Pettinelli Motors v Morreale,* 39 Misc 2d 813, 816; *Tyrnauer v Travelers Ins. Co.,* 15 Misc 2d 18, 22, *affd* 8 AD2d 857; *cf., Jackson v Brown & Kleinhenz,* 273 NY 365, 368-369). Matson Motors failed to present substantial evidence to rebut the presumption, and the court should have determined that, as a matter of law, Johnson was a permissive user. Further, because plaintiffs sought to impose liability upon Matson Motors by reason of its ownership of the vehicle, the court should have dismissed Matson Motors' affirmative defense based upon CPLR 1601 *(see,* CPLR 1602 [6]).

### IV

■ Supreme Court properly determined that plaintiffs failed

to raise a triable issue on its contention that Matson Motors was the apparent agent of General Motors. Plaintiffs did not claim that Matson Motors was the actual agent of General Motors, and we conclude that there is no factual demonstration of an actual agency *(see, Arnson v General Motors Corp.,* 377 F Supp 209). Plaintiffs also failed to show facts evidencing an apparent agency *(see, Bank v Rebold,* 69 AD2d 481). Further, Supreme Court properly concluded that, because plaintiffs do not assert that the alleged agent was responsible for the accident, vicarious liability cannot be imputed to General Motors pursuant to Vehicle and Traffic Law § 388 *(see, Bank v Rebold, supra,* at 493).

Accordingly, the order should be modified (1) to deny the motion by Matson Motors for summary judgment on the complaint, thereby reinstating the complaint against Matson Motors; (2) to grant Johnson's motion for partial summary judgment finding that Johnson was a permissive user of the vehicle and that liability may be imputed to Matson Motors pursuant to Vehicle and Traffic Law § 388; (3) to grant the motion to dismiss Matson Motors' CPLR 1601 affirmative defense; and (4) to deny the motion by General Motors for summary judgment dismissing the cross claims for indemnification asserted by Matson Motors, thereby reinstating the cross claims. Because the complaint against General Motors has been dismissed, the cross claim of Matson Motors should be converted to a third-party complaint.

CALLAHAN, J. P., GREEN, FALLON and DAVIS, JJ., concur.

Order unanimously modified, on the law, and as modified, affirmed, without costs, in accordance with the opinion by BALIO, J.