(June 28, 1993)

■ MARTIN J. ACAMPORA, Appellant, v MARTIN ACAMPORA, Respondent. [599 NYS2d 614] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Morrison, J.), dated February 26, 1991, which, upon a jury verdict finding that the defendant was not at fault in the happening of the accident, is in favor of the defendant and dismissed the action.

Ordered that the judgment is affirmed, with costs.

Sometime in the early 1960's, the defendant, who is the plaintiff's father, purchased a used semiautomatic shotgun at a "garage sale". On November 14, 1985, the plaintiff, the defendant's 31-year old son, borrowed the defendant's semiautomatic shotgun to go hunting. While hunting with a friend, the plaintiff fired the shotgun once at a flock of ducks. He attempted to fire again, but the shotgun did not discharge. As the plaintiff checked to see if there was a visible jam and

attempted to engage the safety mechanism, the shotgun fired. The force of the shotgun firing caused it to fall out of the plaintiff's hand and, upon striking the ground, the shotgun discharged a third bullet which hit the plaintiff in his left hand.

Under these circumstances, it is clear that the loan of the shotgun was a gratuitous bailment and, as such, the defendant only owed a duty to warn the plaintiff of any known defects that were not readily discernible (see, 2A Warren's NY Negligence, Bailor and Bailee, 3.03-3.04; *Ruggiero v Braun & Sons*, 141 AD2d 528, 529; *Sofia v Carlucci*, 122 AD2d 263). Therefore, the trial court did not err in finding that a gratuitous bailment existed as a matter of law and did not err in its charge as to the appropriate standard of care. Finally, we find that the trial court did not err in denying the plaintiff's motion to be permitted to pose leading questions to the defendant whom the plaintiff called as his first witness (see, Richardson, Evidence § 483 [Prince 10th ed]). Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.