◼ MICHAEL LUCIANO, Respondent, v LUNG GONG CHEN et al., Defendants, and ALBERT WAGNER & SON, INC., Defendant and Third-Party Plaintiff. FRANCIS J. GREENWOOD & Co., INC., Third-Party Defendant-Appellant; K & R ELECTRIC, Third-Party Defendant-Respondent, et al., Third-Party Defendant. (And Another Third-Party Action.) (Action No. 1.) MICHAEL LUCIANO, Respondent, v FRANCIS J. GREENWOOD & Co., INC., Appellant, et al., Defendant. (Action No. 2.) [624 NYS2d 278] —In two related actions to recover damages for personal injuries, Francis J. Greenwood & Co., Inc., a second third-party defendant in Action No. 1 and a defendant in Action No. 2, appeals from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated November 18, 1993, as denied the branch of its motion which was for summary judgment dismissing the plaintiff's causes of action and all cross claims sounding in common-law negligence insofar as they are asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff sustained serious injuries when he fell from an allegedly defective A-frame ladder while attempting to push a pipe through a wall in a basement. The ladder, for the purposes of this motion only, was assumed to have been lent to the plaintiff by the appellant Francis J. Greenwood & Co., Inc. (hereinafter Greenwood). After two depositions of the plaintiff were conducted, Greenwood moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. It argued that the plaintiff's testimony showed that his injuries occurred when an unsteady ladder toppled and fell, and that the unsteadiness resulted from bent

metal brackets which the plaintiff admitted having seen prior to ascending the ladder. Therefore, Greenwood as a gratuitous bailor was not liable for them. The Supreme Court denied that branch of its motion which was to dismiss the plaintiff's cause of action and all cross claims sounding in common-law negligence. We agree and therefore affirm.

The plaintiff's deposition testimony showed only that the metal brackets were bent and that the plaintiff was aware of that fact prior to ascending the ladder. The testimony did not evince any awareness on his part that the ladder was unsteady until after he ascended it and began working. Nor did the testimony show that the bent metal brackets were the cause of the unsteadiness, or that the plaintiff knew or should have known that the ladder was unsteady because of that condition before he ascended it. Thus, Greenwood has failed to show the absence of material issues of fact as to whether the known defect, i.e., the bent metal brackets, was the proximate cause of the accident (*cf., Sofia v Carlucci*, 122 AD2d 263). Therefore, the Supreme Court properly denied the motion for summary judgment (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851). Rosenblatt, J. P., Miller, Lawrence and Florio, JJ., concur.