(May 23, 2006)

■ HECTOR RAMOS, Respondent, v HSBC BANK et al., Appellants. [815 NYS2d 504]—

Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about June 16, 2005, which, to the extent appealed from, denied defendants Trammell's and HSBC/Mt. Kisco's motions for summary judgment dismissing plaintiff's common-law negligence claim, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint and all cross claims.

Plaintiff, a technician employed by nonparty Falk Technical Services, responded to a complaint regarding an air conditioning system at premises owned and operated by defendants. At the premises, plaintiff used a ladder to gain access to the roof. After working on the ladder for a while, plaintiff started to climb down, but the ladder shifted and he fell. Plaintiff sued the owners and managing agent.

After joinder of issue, defendants separately moved for summary judgment dismissing the complaint on the grounds that the complaint failed to state a cause of action under the Labor Law and that plaintiff failed to demonstrate any common-law negligence. As relevant to this appeal, the motion court found that plaintiff had failed to establish by admissible evidence the

ownership of the ladder. Further, the court found that there "appears to be no testimony, or other evidence, that plaintiff ever complained about the condition or length of the ladder he used to anyone prior to the accident." Yet, the court did not dismiss the common-law negligence claim.

We reverse. Labor Law § 200 codifies the common-law duty imposed upon an owner or general contractor to provide construction workers with a safe place to work. "An implicit precondition to this duty . . . is that the party charged with that responsibility have the authority to control the activity bringing about the injury" (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]; *see also Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]) and have actual or constructive notice of the alleged unsafe condition (*see Singh v Black Diamonds LLC*, 24 AD3d 138, 139-140 [2005]). Although the motion court properly found that there is no evidence in the record that defendants exercised any control over plaintiff, plaintiff argues that defendants are nevertheless liable under a theory of common-law negligence, irrespective of the issue of control. However, plaintiff failed to raise a triable issue of fact regarding actual or constructive notice of any defective condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). Accordingly, the motion court should have dismissed the common-law negligence claim. Concur—Buckley, P.J., Marlow, Sullivan, Gonzalez and Sweeny, JJ.