■ JOEL OWUSU, Respondent, v HEARST COMMUNICATIONS, INC., et al., Appellants, et al., Defendant. [860 NYS2d 38]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about December 26, 2006, which granted plaintiff's motion for summary judgment on the issue of liability

under Labor Law § 240 (1) and denied the cross motion of defendants Hearst Communications, Inc., Turner Construction Co., sued herein as Turner Construction Corp., and Fresh Meadow Mechanical Corp. for summary judgment dismissing the Labor Law §§ 200 and 240 (1) claims and the common-law negligence claim as against all of them and the Labor Law § 241 (6) claim as against Fresh Meadow, unanimously modified, on the law, to deny plaintiff's motion and to grant defendants' cross motion to the extent of dismissing the Labor Law § 200 and common-law negligence claims as against Hearst and all claims as against Fresh Meadow, and otherwise affirmed, without costs.

Plaintiff's motion for summary judgment on the issue of defendants' liability under Labor Law § 240 (1) should have been denied, because there is a triable issue of fact whether the "ship ladder" from which plaintiff fell was a device within the meaning of Labor Law § 240 (1) or "a permanent staircase not designed as a safety device to afford protection from an elevation-related risk and therefore outside the coverage of the statute" (*Griffin v New York City Tr. Auth.*, 16 AD3d 202, 203 [2005]).

The Labor Law § 200 and common-law negligence claims should have been dismissed as against Hearst, because there was no evidence that it had actual knowledge that a tread was missing from the ship ladder and no evidence of the length of time the tread was missing, as is required for a finding of constructive notice (*see Gibbs v Port Auth. of N.Y.*, 17 AD3d 252, 255 [2005]). However, plaintiff's deposition testimony about a radio transmission that he overheard shows that Turner had actual knowledge of the missing step.

All plaintiff's claims should have been dismissed as against Fresh Meadow, because it neither controlled nor supervised plaintiff, who worked for a different subcontractor (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311 [1981]). The Labor Law § 200 and common-law negligence claims should also have been dismissed as against Fresh Meadow because plaintiff submitted only hearsay and surmise in support of his contention that Fresh Meadow removed the tread from the ladder, and did not "demonstrate acceptable excuse" for his failure to tender evidence in admissible form (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Concur—Nardelli, J.P., Williams, Sweeny and Catterson, JJ.