Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 15, 2009, which, inter alia, denied defendant Beys Contracting Inc.’s (Beys) motion for summary judgment dismissing the common-law negligence cause of action as against it, affirmed, without costs.
Plaintiff was an employee of the construction manager for a project at Bellevue Hospital. He was injured while using an unguarded power grinder, which was owned by Beys, to cut exposed steel from a concrete floor. Conflicting testimony as to whether plaintiff selected the grinder from his employer’s gang box or was given it by Beys presents an issue of fact whether there was a bailment of the grinder. If there was a bailment, a further triable issue arises as to whether the bailment was one for the mutual benefit of Beys and plaintiff’s employer, which would render Beys liable to plaintiff for injuries caused by its negligence in providing him with dangerous equipment, notwithstanding that the defect was patent (see Fili v Matson Motors, 183 AD2d 324, 328-329 [1992]; Dufur v Lavin, 101 AD2d 319, 324 [1984], affd 65 NY2d 830 [1985]; see also Ruggiero v Braun & Sons, 141 AD2d 528 [1988], lv denied 73 NY2d 707 [1989]). Vargas v New York City Tr. Auth. (60 AD3d 438 [2009]) is inapposite, as the ladder lent to the plaintiff by the contractor (Atlantic) dismissed from that case was not alleged to be defective, unlike the grinder at issue here. In addition, Atlantic had no interest in the task the Vargas plaintiff was performing. Furthermore, we do not “conflate[ ]” differing duties of care *406 because the issue is whether, to the extent there was a bailment and to the extent that bailment was one for mutual benefit as opposed to being gratuitous, Beys discharged the higher duty of care it owed to plaintiff.
While we are in basic agreement with the principles enunciated by the dissent, we reach a different conclusion because, in our view, there is an issue of fact whether the bailment (assuming there was one) was gratuitous or for mutual benefit. Significantly, it is undisputed that Beys was a contractor on the project for which plaintiffs employer served as construction manager. Plaintiff, pursuant to an assignment from his foreman, was using the grinder to perform a task in furtherance of that project, which Beys and plaintiffs employer arguably had a common interest in seeing to completion. In this regard, the record indicates that plaintiff was using the grinder lent by Beys to finish a cement floor, and Beys was the contractor responsible for tiling the floors. Thus, inapposite are cases in which the record established as a matter of law that the bailment was gratuitous in that the bailee was not using the item to accomplish a purpose of mutual benefit to both bailor and bailee (see Acampora v Acampora, 194 AD2d 757 [1993], lv denied 82 NY2d 664 [1994] [shotgun lent for hunting excursion]; Ruggiero v Braun & Sons, 141 AD2d at 529 [meat grinder lent by one provisions dealer to another]).
In fact, comparative analysis of the situation at bar with Acampora and Ruggiero, the two Second Department cases upon which the dissent relies, provides support for the conclusion we reach. In Acampora, the plaintiff borrowed a shotgun from the defendant, his father, to go hunting with a friend in November 1985; the defendant had purchased the shotgun in the early 1960s. During the hunt, the plaintiff was injured when the shotgun malfunctioned. In concluding that the trial court had charged the jury on the appropriate standard of care, the Second Department stated: “Under these circumstances, it is clear that the loan of the shotgun was a gratuitous bailment” (194 AD2d at 758). The borrowing of a shotgun to go hunting is in no way akin to the present plaintiffs use of a grinder borrowed from Beys to work on the building that both Beys and plaintiff were in the midst of building. Similarly, in Ruggiero, the plaintiff, an employee of Meatland, sued Braun for injuries she sustained from a meat grinding machine that Braun had lent to Meatland while the latter’s grinder was being repaired. The Second Department held that the evidence was insufficient to support a conclusion that the lending of the meat grinder was a bailment for mutual benefit. Again, and unlike the instant case, Meatland *407 and Braun were not engaged in a common task or seeking to accomplish a common purpose.
The court properly permitted plaintiff to submit a surreply in response to Beys’s reply papers, which advanced a certain argument for the first time through a supplemental affidavit by its expert (see CPLR 2214 [c]; Matter of Kushaqua Estates v Bonded Concrete, 215 AD2d 993, 994 [1995]).
We have considered Beys’s remaining contentions and find them unavailing. Concur—Friedman, J.P., DeGrasse and AbdusSalaam, JJ.