■ CARLOS A. SANTIAGO, Respondent, v UNITED CEREBRAL PALSY OF ULSTER COUNTY, INC., Appellant. [910 NYS2d 220]—

Kavanagh, J. Appeal from an order of the Supreme Court (Work, J.), entered February 3, 2010 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

In May 2008, plaintiff was directed by his employer to deliver a 545-pound generator to premises occupied by defendant. Plaintiff alleges that when he arrived at defendant's facility, he borrowed a hand truck to transport the generator and was injured when the hand truck became stuck as it passed over a door sill in defendant's facility. Plaintiff subsequently commenced this action, alleging that the hand truck was defective and that defendant was negligent for not providing him with assistance when he began to move the generator from his truck into its facility. After Supreme Court denied defendant's motion for summary judgment dismissing plaintiff's complaint, this appeal ensued.

Supreme Court denied defendant's motion for summary judgment because it found that a question of fact existed as to whether the loan of the hand truck by defendant to plaintiff constituted a gratuitous or mutual benefit bailment. It also determined that an issue of fact existed as to whether the hand truck was defective and, if so, whether defendant, on the facts presented, had an obligation to warn plaintiff of the existence of such a defect. Because defendant, in our view, has established that the hand truck could be appropriately used for the intended purpose of transporting the generator, its motion for summary judgment should have been granted.

Where a chattel is the subject of a gratuitous bailment, the bailor is only required to warn the bailee of any known defects in the chattel that are not obvious (*see Acampora v Acampora*, 194 AD2d 757, 758 [1993]; *McAdam v Sadler*, 170 AD2d 960, 961 [1991], *lv denied* 77 NY2d 810 [1991]; *Sofia v Carlucci*, 122 AD2d 263 [1986]). However, where the bailment benefits both

parties, it constitutes a mutual benefit bailment and the bailor not only must warn the bailee of any known defects, but also represents that the chattel is "reasonably fit for its intended purpose" (9 NY Jur 2d, Bailments and Chattel Leases, § 47; *see Snyder v Kramer*, 94 AD2d 860, 861 [1983], *affd* 61 NY2d 961 [1984]). Here, plaintiff, other than submitting his own testimony to the effect that, prior to being injured, he noticed that the hand truck was "stiff" and that its wheels were "dragging a little bit," has not presented any evidence that the hand truck should not have been used in such a transport. Significantly, before being injured, plaintiff knew a problem existed with the wheel of the hand truck yet continued to use it while delivering the generator. In addition, defendant, in support of its motion for summary judgment, submitted an affidavit from an expert who inspected the hand truck and concluded that it "did not have any mechanical problems to classify it as a hazard or cause for physical problems when correctly used." Additionally, defendant's maintenance supervisor who ultimately assisted plaintiff in the completion of the delivery of the generator, testified not only that plaintiff did not complain about the hand truck, but that there was nothing wrong with it and the facility continued to use it after the day in question. Given this record, it does not matter whether this was a mutual benefit bailment or a gratuitous bailment. Under either theory, because defendant has established that the hand truck was reasonably fit for its intended purpose, its motion on this issue should have been granted.

Plaintiff also claims that defendant assumed a duty to assist him in moving the generator from the truck into its facility and breached that duty when it failed to provide him with any assistance when he arrived at its premises to make the delivery.* "[A]n 'assumed duty,' or a 'duty to go forward,' may arise once a person undertakes a certain course of conduct upon which another relies" (*Heard v City of New York*, 82 NY2d 66, 72 [1993]). "[O]nce a person voluntarily undertakes acts for which he or she has no legal obligation, that person must act with reasonable care or be subject to liability for negligent performance of the assumed acts" (*Hilts v Board of Educ. of Gloversville Enlarged School Dist.*, 50 AD3d 1419, 1420 [2008]). Here, the only evidence plaintiff offers to support his claim that defendant assumed such a duty is his testimony that he had been told by his supervisor that there would "be adequate help at the drop" off. This hearsay statement, absent some evidence con-

---

* Plaintiff does not allege that the assistance ultimately provided by defendant's employee was in any way negligent.

necting it to defendant or its authorized representative, does not serve to create a question of fact as to whether defendant agreed to assist plaintiff in moving the generator from the truck into its premises. Moreover, the fact that defendant's maintenance supervisor acknowledged coming to plaintiff's aid to complete the delivery and testified that he regularly assisted persons who made deliveries to defendant's facility does not, in our view, establish that defendant had agreed to assist plaintiff when plaintiff arrived at the facility with the generator. Simply stated, while plaintiff may have been informed by his employer that someone from defendant would assist him in making this delivery, no evidence has been presented that defendant or its authorized representative ever made such a representation or engaged in any type of conduct that would raise a question of fact as to whether or not it actually assumed such a duty. Consequently, defendant was entitled to summary judgment dismissing this claim against it.

Mercure, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.

