■ VICTORIANO VENTURA, Appellant, v OZONE PARK HOLDING CORP. et al., Respondents. [923 NYS2d 67]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered October 14, 2009, which, to the extent appealed from as limited by the briefs, granted defendant 3 Kings Collision, Inc.'s cross motion for summary judgment dismissing the common-law negligence claim against it, granted the motions of defendant Reliable Auto Center, Inc. and defendants Ozone Park Holding Corp.; Beer, Inc.; Holland Farms Milk Company, Inc.; Q.F.D. of New York, Inc.; and Babylon Dairy Co, Inc. (collectively, the Ozone defendants) for summary judgment dismissing plaintiff's Labor Law §§ 200, 240 (1), and common-law negligence claims against them, and denied plaintiff's cross motion to strike 3 Kings's answer, stay the summary judgment motions of Reliable and the Ozone defendants and compel the deposition of Reliable's principal, or for partial summary judgment on his Labor Law § 240 (1) claim against Babylon, unanimously affirmed, without costs.

It is undisputed that the Workers' Compensation Board found Reliable to be plaintiff's employer. Summary judgment was properly granted in Reliable's favor on the ground that plaintiff's claims against Reliable are barred by Workers' Compensation Law § 11 (*see Hughes v Solovieff Realty Co.*,

*L.L.C.*, 19 AD3d 142, 143 [2005]). Given the foregoing, there was no basis to stay Reliable's motion.

Supreme Court also properly granted the Ozone defendants' motion for summary judgment and denied plaintiff partial summary judgment on his Labor Law § 240 (1) claim against Babylon. Contrary to plaintiff's contention, the work he was performing at the time of the accident—attempting to remove a garage door motor from its box—does not amount to an alteration under Labor Law § 240 (1) (*see Rhodes-Evans v 111 Chelsea LLC*, 44 AD3d 430, 432 [2007]). Nor did plaintiff's work constitute a repair. Rather, we find that it was routine maintenance, which is not a protected activity under Labor Law § 240 (1) (*see Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 53 [2004]; *Cordero v SL Green Realty Corp.*, 38 AD3d 202 [2007]).

Plaintiff's common-law negligence and Labor Law § 200 claims against the Ozone defendants were properly dismissed as well. There was no evidence, or even an allegation, that the Ozone defendants had the authority to supervise and control plaintiff's work (*see Brown v VJB Constr. Corp.*, 50 AD3d 373, 377 [2008]). Nor was there evidence that they had actual or constructive notice of the alleged defective ladder (*cf. Chowdhury v Rodriguez*, 57 AD3d 121, 132 [2008]).

Although an issue of fact exists as to whether the subject ladder belonged to 3 Kings or Reliable, Supreme Court properly granted 3 Kings's motion for summary judgment dismissing plaintiff's common-law negligence claim against it. There is no evidence that 3 Kings had actual or constructive notice of any defect in the ladder, nor is there any allegation that 3 Kings directed or controlled plaintiff's work (*see Owusu v Hearst Communications, Inc.*, 52 AD3d 285, 286 [2008]; *Ramos v HSBC Bank*, 29 AD3d 435, 436 [2006]). Further, even assuming that 3 Kings gave the ladder to plaintiff, as a gratuitous bailor, 3 Kings only had a duty to warn of a known defect that was not readily discernible (*see Acampora v Acampora*, 194 AD2d 757, 758 [1993], *lv denied* 82 NY2d 664 [1994]; *Sofia v Carlucci*, 122 AD2d 263 [1986]). Plaintiff alleges that the subject ladder had no slip-resistant feet. We find that such a defect is readily discernible, and thus 3 Kings had no duty to warn (*see generally Sofia*, 122 AD2d at 263).

Although 3 Kings failed to provide a witness for deposition, there was sufficient evidence to determine its motion. Accordingly, there was no basis to stay its motion.

The court providently exercised its discretion in refusing to strike 3 Kings's answer (*see* CPLR 3126). Plaintiff failed to establish that 3 Kings engaged in willful and contumacious

518

conduct (*see Pezhman v Department of Educ. of the City of N.Y.*, 79 AD3d 543 [2010]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Saxe, J.P., Catterson, Acosta, Abdus-Salaam and Román, JJ.