Doe v Bronx Preparatory Charter Sch. (2018 NY Slip Op 02898)





Doe v Bronx Preparatory Charter Sch.


2018 NY Slip Op 02898


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Renwick, J.P., Tom, Andrias, Oing, JJ.


6388N 306670/14

[*1] Jane Doe, etc., et al., Plaintiffs-Respondents,
v
The Bronx Preparatory Charter School, Defendant-Appellant, Democracy Prep Public Schools, Defendant.


Biedermann Hoenig Semprevivo, New York (Megan R. Siniscalchi of counsel), for appellant.
Segal & Lax, P.C., New York (Patrick D. Gatti of counsel), for respondents.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered November 28, 2016, which, inter alia, denied defendant The Bronx Preparatory Charter School's motion for an order precluding plaintiffs from submitting evidence and testimony at trial and compelling plaintiffs to provide authorizations to obtain the infant plaintiff's social media records for five years prior to the incident and her cell phone records and accompanying authorizations for two years prior to the incident, unanimously affirmed, without costs.
The court providently exercised its discretion in declining to impose sanctions on plaintiffs or to compel further disclosure of the infant plaintiff's social media and cell phone history, since defendant failed to submit papers necessary to determine whether plaintiffs had not complied with a prior discovery order (see Nyadzi v Ki Chul Lee, 129 AD3d 645 [1st Dept 2015]; Ventura v Ozone Park Holding Corp., 84 AD3d 516, 517—518 [1st Dept 2011]). Further, there was no showing that plaintiffs wilfully failed to comply with any discovery order, since they provided access to the infant plaintiff's social media accounts and cell phone records for a period of two months before the date on which she was allegedly attacked on defendant's premises to the present, which was a reasonable period of time. Defendant's demands for access to social media accounts for five years prior to the incident, and to cell phone records for two years prior to the incident, were overbroad and not reasonably tailored to obtain discovery relevant to the issues in the case (see Forman v Henkin, 30 NY3d 656, 665 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK