Filarakos v St. John the Baptist Greek Orthodox Church (2019 NY Slip Op 01130)





Filarakos v St. John the Baptist Greek Orthodox Church


2019 NY Slip Op 01130


Decided on February 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019

Renwick, J.P., Richter, Mazzarelli, Webber, Kern, JJ.


8250 160795/14

[*1]Despina Filarakos, Plaintiff-Respondent,
v
St. John the Baptist Greek Orthodox Church, et al., Defendants-Appellants.


Goldberg Segalla LLP, New York (Stewart G. Milch of counsel), for appellants.
Patterson & Sciarrino, LLP, Bayside (Marc D. Citrin of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered March 27, 2018, which, upon reargument, denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff, who was volunteering at defendant church, was injured when, while decorating the church for Easter, she fell from the stepladder she was using. Defendants established that they did not supervise or control the means and methods by which plaintiff and her fellow volunteers decorated (see Stringer v Musacchia, 11 NY3d 212, 217 [2008]; Lichtenthal v St. Mary's Church, 166 AD2d 873, 874 [4th Dept 1990]).
Defendants also established that they neither created the alleged defective condition or had actual or constructive notice of the alleged defective stepladder (see Ventura v Ozone Park Holding Corp., 84 AD3d 516, 517 [1st Dept 2011]; Chowdhury v Rodriguez, 57 AD3d 121, 129-131 [2d Dept 2008]). Defendants presented testimony that the stepladder had been used many times over the years without incident, and further, that there had been no complaints regarding the use of the stepladder. Thus, there is nothing in the record to show that defendants were aware of the existence of any defect prior to the accident (see Kesselbach v Liberty Haulage, 182 AD2d 741 [2d Dept 1992]). As to constructive notice on the part of defendants, plaintiff testified that when she initially took the stepladder it appeared to be secure. Plaintiff's expert opined that the alleged defect was latent and not readily discernable. Thus, there is nothing in the record to show that defendants had
constructive notice of any defect prior to the accident (see
Chowdhury, 57 AD3d at 129-131).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 14, 2019
CLERK