Spencer v 322 Partners, L.L.C. (2019 NY Slip Op 01523)





Spencer v 322 Partners, L.L.C.


2019 NY Slip Op 01523


Decided on March 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Tom, Moulton, JJ.


8583 160133/14

[*1]William Spencer, Plaintiff-Appellant,
v
322 Partners, L.L.C., Defendant-Respondent.


Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., Mineola (Mark R. Bernstein of counsel), for appellant.
Cartafalsa, Turpin & Lenoff, New York (Carolyn Comparato of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered February 16, 2018, which, insofar as appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing plaintiff's claim under Labor Law § 240(1), unanimously affirmed, without costs.
Although plaintiff injured his elbow when the ladder he was using in defendant's building fell over, he is not entitled to relief under Labor Law § 240(1) since he was not engaged in construction-related activity at the time of his accident (see Rhodes-Evans v 111 Chelsea LLC, 44 AD3d 430, 431-433 [1st Dept 2007]). Plaintiff's actions of opening a splice box affixed to the wall and splicing telephone wires therein while on a service call for a customer of his employer did not constitute an
alteration of the building, but rather routine maintenance (see id.; Ventura v Ozone Park Holding Corp., 84 AD3d 516, 517 [1st Dept 2011]; Cosentino v Long Is. R.R., 201 AD2d 528 [2d Dept 1994]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2019
CLERK