Portillo v Equinox Holdings, Inc. (2024 NY Slip Op 03505)

Portillo v Equinox Holdings, Inc.

2024 NY Slip Op 03505

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-03293
 (Index No. 703929/16)

[*1]Roman Eric Portillo, respondent, 
v
Equinox Holdings, Inc., appellant.

Cascone & Kluepfel, LLP, Farmingdale, NY (Beth L. Rogoff-Gribbins and Kyle Silverstein of counsel), for appellant.
William Schwitzer & Associates, P.C., New York, NY (Travis K. Wong of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered April 8, 2022. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when he fell from a defective ladder that he borrowed from the defendant. The plaintiff thereafter commenced this action against the defendant to recover damages for personal injuries. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint, contending that its alleged loan of the ladder to the plaintiff constituted a gratuitous bailment and, therefore, it owed the plaintiff no duty of care with respect to the condition of the ladder. In an order entered April 8, 2022, the Supreme Court denied the motion. The defendant appeals.
"Where one loans property to another, a duty of care arises" (Dufur v Lavin, 101 AD2d 319, 324, affd 65 NY2d 830, citing La Rocca v Farrington, 276 App Div 126, 129, affd 301 NY 247). The duty of care owed by a bailor varies depending on the type of bailment created by the loan of property. "Gratuitous bailors only owe a duty to warn borrowers of any known defects which are not obvious or readily discernible" (Pineda v North E. Sec. Dev. Corp., 271 AD2d 591, 591; see Acampora v Acampora, 194 AD2d 757, 757). However, for mutual benefit bailments, the bailor "not only must warn the bailee of any known defects, but also represents that the chattel is 'reasonably fit for its intended purpose'" (Santiago v United Cerebral Palsy of Ulster County, Inc., 77 AD3d 1270, 1272, quoting 9 NY Jur 2d, Bailments and Chattel Leases § 47). Where the facts suggest that some benefit may have been anticipated by the bailor, the issue of whether the bailment was gratuitous or for mutual benefit is a factual issue to be determined at trial (see Fili v Matson Motors, 183 AD2d 324, 328, citing Daoust v Palmenteri, 109 AD2d 774). Here, the defendant failed to establish, prima facie, that its alleged loan of the ladder to the plaintiff constituted a gratuitous bailment and that it lacked notice of the allegedly defective condition of the ladder (see Dufur v Lavin, 101 AD2d at 324-325).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., MALTESE, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court