Pleskun v Rogova (2024 NY Slip Op 04928)

Pleskun v Rogova

2024 NY Slip Op 04928

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Webber, J.P., Moulton, Scarpulla, Rodriguez, Pitt-Burke, JJ. 

Index No. 150768/18 Appeal No. 2718 Case No. 2023-04106 

[*1]Yuri Pleskun, Plaintiff-Appellant,
v
Iryna Rogova, Defendant, Anastasia Pleskun et al., Defendants-Respondents.

Gorayeb & Associates, P.C., New York (Martin J. Moskowitz of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel) for respondents.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered July 17, 2023, which, to the extent appealed from as limited by the briefs, granted defendants Anastasia Pleskun and Anastasia Pleskun as the trustee of the Anastasia Pleskun Living Trust's (together, Anastasia defendants) motion for summary judgment dismissing plaintiff's common-law negligence claim, unanimously affirmed, without costs.
Plaintiff was injured when he fell from a defective ladder, owned by his mother, defendant Anastasia, while he was hanging decorative lighting for a small party hosted by Anastasia for Igor Pleskun. The incident occurred at a home owned by Igor's partner, co-defendant Iryna Rogova. Before the date of plaintiff's fall, Anastasia loaned supplies to Rogova at no cost, including decorative lighting and the defective ladder to be used in the installation.
The motion court properly granted the Anastasia defendants' motion for summary judgment in light of the nature of the bailment. A gratuitous bailment is the transfer of possession or use of property without compensation, profit, or commercial benefit (see e.g. Beazer v New York City Health & Hosps. Corp., 76 AD3d 405, 405-406 [1st Dept 2010], affd 18 NY3d 833 [2011]; Fili v Matson Motors, 183 AD2d 324, 328 [4th Dept 1992]; Dufur v Lavin, 101 AD2d 319, 324 [3d Dept 1984], affd 65 NY2d 830 [1985]). Here, the no-cost loan of the ladder from Anastasia to Rogova to be used in party set-up is a gratuitous bailment. The benefit to Anastasia, if any, is of a personal, familial nature, and cannot constitute a commercial benefit sufficient to raise an issue of fact as to whether the bailment was for mutual benefit.
Further, Anastasia only owed a duty to warn Rogova, as bailee, "of a known defect that was not readily discernible" (Ventura v Ozone Park Holding Corp., 84 AD3d 516, 517 [1st Dept 2011]; see Acampora v Acampora, 194 AD2d 757, 758 [2d Dept 1993]). Anastasia's testimony establishes that there was a 20-inch crack present in one of the ladder's legs and missing rubber cleats at the time she loaned the ladder to Rogova, and these defects were apparent, thus no liability can attach to the Anastasia defendants.
Finally, Anastasia, who was unaware that anyone other than Rogova would use the ladder, did not owe any duty to plaintiff (Sofia v Carlucci, 122 AD2d 263, 263 [2d Dept 1986] ["liability may not rest upon a theory that a supplier of a chattel owes a duty, extending to all foreseeable users, of reasonable care in furnishing safe chattels where the alleged defect is patent"]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024